People v Felix E. (2025 NY Slip Op 07187)

People v Felix E.

2025 NY Slip Op 07187

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

936 KA 22-01788

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FELIX E., DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Judith A. Sinclair, J.), dated September 13, 2022. The order denied the application of defendant for resentencing pursuant to CPL 440.47. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order that denied his application for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (see CPL 440.47; Penal Law § 60.12). Defendant contends that Supreme Court erred in determining that he failed to meet his burden of proof. We affirm.
After a verbal and physical altercation, defendant shot his uncle twice, once in the shoulder and then once in the back. Defendant pleaded guilty to assault in the first degree (Penal Law § 120.10 [1]). Defendant thereafter requested permission from the court to apply for resentencing pursuant to the DVSJA, and the court granted that request. Following a hearing, the court denied defendant's application for resentencing, determining that he failed to establish by a preponderance of the evidence that he met any of the three conditions stated in Penal Law § 60.12 (1).
Pursuant to Penal Law § 60.12 (1), the sentencing court may, in its discretion, apply an alternative sentence if it determines following a hearing that the defendant has established the existence of three conditions: (1) "at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant"; (2) "such abuse was a significant contributing factor to the defendant's criminal behavior"; and (3) "having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, . . . a sentence of imprisonment [in the original sentencing range] would be unduly harsh" (id.; see People v Krista M.G., 228 AD3d 1300, 1301 [4th Dept 2024], lv denied 42 NY3d 1036 [2024]).
Here, assuming, arguendo, that defendant established the existence of the second condition by a preponderance of the evidence, we conclude that he failed to establish the existence of the first or third condition. With respect to the first condition, defendant failed to establish that he was a victim of substantial abuse "at the time of" the offense (Penal Law § 60.12 [1] [a]). "Although the DVSJA does not require that the abuse occur simultaneously with the offense . . . , the 'at the time of' language must create some requirement of a temporal nexus between the abuse and the offense or else it is meaningless" (People v Williams, 198 AD3d 466, 466-467 [1st Dept 2021], lv denied 37 NY3d 1165 [2022]). At the hearing, defendant testified that, as a youth, he lived with the uncle for a time, during which the uncle inflicted substantial physical and psychological abuse on him. Defendant further testified that, in later years, he had more limited encounters with the uncle and largely avoided seeing him entirely. That testimony [*2]failed to establish by a preponderance of the evidence that defendant was a victim of substantial abuse during the years leading up to the shooting (see generally id.).
With respect to the third condition, contrary to defendant's contention, we conclude that the original sentence is not "unduly harsh" in light of the "nature and circumstances of the crime and the history, character and condition of the defendant" (Penal Law § 60.12 [1] [c]; see generally People v Wendy B.-S., 229 AD3d 1317, 1321 [4th Dept 2024], lv denied 42 NY3d 1022 [2024]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court